**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CHARMAINE A. DIXON,

                Plaintiff,                No. 8:19-CV-0066
                                                          (TJM/CFH)

     v.

SERGEANT COLON, et al.,

                Defendants.

---

**APPEARANCES:**

Charmaine A. Dixon
1778 Southern Boulevard
Bronx, New York 10460
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

### I. In Forma Pauperis Application

The Clerk has sent to the Court a complaint, together with an application to proceed in forma pauperis ("IFP"), filed by plaintiff pro se Charmaine A. Dixon. Dkt. Nos. 1, 2 ("Compl."). After reviewing plaintiff's IFP application, the Court finds that she may properly proceed IFP.[1]

---

[1] Plaintiff is advised that, despite her IFP status, she will still be required to pay any fees she incurs in this action, including copying fees and witness fees.

## II. Initial Review[2]

### A. Standard of Review

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his or her complaint before permitting him or her to proceed with the action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his [or her] submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). However, this does not mean the Court is required to accept unsupported allegations devoid of sufficient facts or claims. Pleading guidelines are provided in the Federal Rules of Civil Procedure ("Fed R. Civ. P"). Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer,

---

[2] Any unpublished decisions cited within this Report-Recommendation and Order have been provided to plaintiff pro se.

2

prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

F ED. R. C IV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).  Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant['s] duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

3

## B. Plaintiff's Complaint

Plaintiff seeks to bring this action pursuant to 42 U.S.C. § 1983 alleging that defendants Sergeant ("Sgt.") Colon, Corrections Officer ("C.O.") Ferrick, and John Doe corrections officers violated her constitutional rights pursuant to the Eighth Amendment. See Compl. at 2.  Plaintiff alleges that on December 23, 2018, she traveled with her daughter to the Gouverneur Correctional Facility ("Gouverneur") to visit her son. Id. at 5.  John Doe corrections officer 1 searched plaintiff on entering the lobby, and "yelled" at her because she had erroneously removed her bra. Id.  John Doe corrections officer 2 asked for plaintiff's identification card and cleared plaintiff and her daughter to enter the visiting room. Id.  At some point thereafter, plaintiff asked her daughter if she had her identification, and her daughter informed her that she did not. Id.  Plaintiff asked John Doe corrections officer 3 if he could call the lobby area to see if she had left her identification card at the desk. Id.  John Doe 3 proceeded to call John Doe 2, who stated that he was not sure if the identification was at the desk. Id.  John Doe 3 gave plaintiff permission to return to the lobby area to look for her identification. Id.

As plaintiff stood "in between gates" returning to the lobby area, John Doe 1 "stated that [plaintiff had] yelled at him after [she] checked [her]self and noticed that [her identification] was in [her] back pocket." Compl. at 5-6.  Plaintiff apologized, but John Doe 1 became "very belligerent and started yelling[,] order[ed] [the] female officer in [the] bubble to open the gates[,] [ ] and got [the] sergeant."[3] Id. at 6.  Plaintiff explained what had happened, and the sergeant began to yell at her. Id.  The sergeant

---

[3] Plaintiff does not identify the sergeant as defendant Sgt. Colon.

4

implied that plaintiff was "under the influence" because she forgot that her identification was in her pocket. Id. Plaintiff informed John Doe 1 that she was on medication because she was disabled. Id. Plaintiff continued to the main lobby where she "waited for awhile," before she asked C.O. Ferrick if she could speak with the sergeant. Id. The sergeant refused. Id. Shortly thereafter, plaintiff received a letter from the New York State Department of Corrections and Community Supervision informing her that her visitation privileges had been suspended "for a period of 12/23/2018, until 2/23/2019." Id. at 8. Plaintiff states that she does not seek money damages, only that her visitation be reinstated. Id. at 6.

### C. Analysis

Plaintiff alleges that defendants violated her Eighth Amendment rights by denying her visitation with her incarcerated son. See generally Compl. Section 1983 provides, in part:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured
> . . . .

42 U.S.C. § 1983. To set forth a cause of action under section 1983, a plaintiff must demonstrate that the alleged conduct was (1) "committed by a person acting under color of state law"; and (2) "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d

5

121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (internal quotation marks omitted)). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992).

It is well-settled that neither inmates nor their family members enjoy a constitutional right to visitation. See Calderon v. Lantz, No. 3:06-CV-969 (SRU), 2007 WL 2727149, at *2 (D.Conn. Sept. 18, 2007) ("Because [the plaintiff] has no constitutional right to visit with her son and no right to bring claims on behalf of her son, . . . it follows that those facts she alleges violate her visitation rights and right to sue on his behalf do not support a claim for which relief can be granted."); Young v. Vaughn, No. CIV. A. 98-4630, 2000 WL 1056444, at *2 (E.D. Pa. Aug. 1, 2000) ("Convicted prisoners, their family and spouses have no constitutional right to visitation."). Moreover, the undersigned notes that plaintiff's suspension of her visitation privileges ended on February 23, 2019. Compl. at 8. As such, plaintiff's requested relief – that her visitation be reinstated – is now moot. Thus, because plaintiff does not retain a constitutional right to visitation with her incarcerated son and because the suspension of plaintiff's visitation privileges ended nearly two months ago, it is recommended that plaintiff's complaint be dismissed with prejudice.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion for in forma pauperis relief (Dkt. No. 1) be **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 2) be **DISMISSED with prejudice** in this Court pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72.[4]

Dated: April 24, 2019
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[4] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).